Paul BROWN, Petitioner–Appellant,

v.

**I.C. Haunani HENRY, Warden Respondent–Appellee.**

No. 99–17003.

D.C. No. CV–97–02634–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 25, 2001.

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

MEMORANDUM **

Paul Brown appeals pro se the district court's denial of his 28 U.S.C. § 2254 peti-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion for habeas corpus challenging his conviction for first degree murder and assault with a deadly weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Brown contends that the evidence at trial was insufficient to support his first degree murder conviction. We review the district court's denial of a 28 U.S.C. § 2254 habeas petition de novo. *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir.2000). We may not grant federal habeas relief unless a state court's ruling "resulted in a decision that was contrary to or, an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Van Tran v. Lindsey*, 212 F.3d 1143, 1153–54 (9th Cir.2000) (state court decision must be clearly erroneous to warrant habeas relief).

■ A rational trier of fact could have concluded premeditation and deliberation were demonstrated by evidence that friction existed between Brown and the victim's friend, that Brown purchased ammunition the day before the shooting, and that Brown shot at the victim three times at close range. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The California court's conclusion that sufficient evidence supported Brown's first degree murder conviction was not therefore unreasonable.

■ Brown also contends that the trial court's denial of his motion for a mistrial after an emotional outburst from a witness violated due process. The state court found that: the testimony of the victim's mother was brief and largely duplicative; and that the judge properly admonished

the jury to disregard her outburst and any noise that could be heard from the hallway. Those findings support the conclusion that denial of Brown's mistrial motion did not render his trial fundamentally unfair. *See Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (9th Cir.1993). Because the state court's decision is not clearly erroneous, Brown is not entitled to relief under 28 U.S.C. § 2254(d)(1), and the district court properly denied his habeas petition.

We do not consider the remaining claims raised in Brown's opening brief as no certificate of appealability was granted with respect to those issues. 28 U.S.C. § 2253(c); *Gatlin v. Madding*, 189 F.3d 882, 886 (9th Cir.1999).

AFFIRMED.